CRAWLEY, Judge.
Theresa V. Moore (“the wife”) petitions for a writ of mandamus directing Judge Denny L. Holloway of the Houston Circuit Court to compel John P. Moore, Jr. (“the husband”), to respond to questions posed at a deposition. We grant the writ.
The wife is the plaintiff in a divorce action. Her complaint alleges that the husband has committed adultery with numerous women. The husband was deposed on December 15, 2000. At the deposition, the husband, claiming a Fifth Amendment privilege not to answer on the ground that his responses might tend to incriminate him, refused to respond to questions concerning his alleged sexual infidelity. The questions were posed to limit the inquiries to conduct occurring “more than one year from the date of th[e] deposition.” On January 19, 2001, the wife filed a motion to compel the husband to answer the questions; the trial court denied the motion the same day.
Adultery is a Class B misdemeanor, see § 13A-13-2, Ala.Code 1975, with a one-year limitations period, see § 15-3-2, Ala.Code 1975. Generally, a witness cannot invoke the privilege against self-incrimination if he is immune from prosecution or if the prosecution is barred by a statute of limitations. See 98 C.J.S. Witnesses § 437 (1957); 23 Am.Jur.2d Depositions and Discovery § 38 (1985). “A legal limitation of the time of prosecution is in practical effect an expurgation of the crime; so after the lapse of time fixed by law the privilege ceases.” 8 Wigmore on Evidence § 2279 (McNaughton rev. ed.1961). The privilege against self-incrimination may be invoked to ward off a real danger, as opposed to a speculative *247 possibility, of prosecution. Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819 (1896).
The law in Alabama is settled that if inquiry is made of a witness as to conduct occurring beyond the statutory limitations period, the witness may not invoke the privilege against self-incrimination. See Handley v. Handley, 460 So.2d 162 (Ala.Civ.App.1983), reversed on other grounds, 460 So.2d 167 (Ala.1984); Howard v. Howard, 422 So.2d 296 (Ala.Civ.App.1982).
The husband argues that the writ should not issue because, although an admission of adultery may be used to corroborate other evidence of marital infidelity, it is not, standing alone, a sufficient basis for granting a divorce on the ground of adultery. That proposition of law is true enough, see Watson v. Watson, 278 Ala. 425, 178 So.2d 819 (1965), but it is not dispositive of the discovery issue presented here. To be entitled to discovery, a party need not establish that the information it seeks is dispositive of an issue, only that it is “relevant to the subject matter involved in the pending action.” See Rule 26(b)(1), Ala.R.Civ.P.
We hold that the husband’s attempted invocation of the Fifth Amendment privilege was improper. We grant the wife’s petition for the writ of mandamus. Judge Holloway is directed to vacate his order denying the wife’s motion to compel and to grant that motion.
PETITION GRANTED; WRIT ISSUED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.