I concur in the result reached in the main opinion; I concur in the rationale of that opinion, except with regard to the following:
First, regarding the discussion in note 1 of the main opinion, it would appear to me that forcing a party to testify regarding his conduct before and leading up to a date one year prior to that testimony could provide information from which inferences could be drawn as to the continuation of that conduct after that date. See generally Malloy v. Hogan, 378 U.S. 1, 12-13,84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). I therefore do not believe it can be said that, as a matter of law in every case, the Fifth Amendment does not protect a witness from being forced to testify regarding events merely because those events occurred outside a one-year limitations period. Accordingly, I concurred in the result in Ex parte Moore, 804 So.2d 245 (Ala.Civ.App. 2001); likewise, I cannot agree with *Page 1265 
the statements in note 1 in the main opinion. My disagreement with the statements in note 1, however, does not prevent me from concurring in the result reached in that portion of the main opinion.
Second, I am not prepared to say, as does the main opinion, that the trial court properly could have found the husband to be voluntarily underemployed within the meaning of Rule 32(B)(5), Ala. R. Jud. Admin. Because I do not think it is necessary to reach that issue in order to affirm the trial court's child-support award, I concur in the result reached by the main opinion as to that issue.
Finally, I concur only in the result as to those portions of the main opinion titled "Award of Health-Related Expenses and Maintenance of Life Insurance After the Children Reach the Age of Majority" and "Purchase of a Vehicle for the Parties' Oldest Child."