WOODALL, Justice.
American Family Care, Inc. (“AFC”), has petitioned this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its order staying the civil action filed by AFC against Anita Salters. We grant the petition and issue the writ.
AFC is an acute/urgent-care medical provider with offices in Alabama and Tennessee. It conducts centralized billing for its services from its claims-processing center (“the center”), located in its corporate office in Hoover, Alabama.
Salters is a former employee of AFC. When she was hired, she executed a confidentiality agreement and agreed not to remove AFC’s property from its offices. Salters was the director of the center from 2007 to June 2010, when her employment was terminated. As the director, she was responsible for handling billing issues and claim audits performed by insurance companies and governmental agencies. In some instances, Salters had the only copies *683 of communications related to billing inquiries and claim audits.
In April 2011, the Federal Bureau of Investigation (“FBI”) executed a search warrant at AFC’s corporate office. The FBI removed mostly billing records. After the search warrant was executed, AFC determined that it was missing corporate records it would need to defend itself against any criminal charges that might be filed as a result of the FBI investigation. According to AFC, several of its employees reported that Salters had been seen removing files and records from the corporate offices shortly before she was fired. AFC made written demand upon Salters for the return of the records, but she did not respond.
On May 27, 2011, AFC sued Salters in the Jefferson Circuit Court, seeking the return of any business records of AFC’S that Salters might have. On June 23, 2011, Salters answered the complaint, denying that she had removed any AFC records from its offices.
On July 7, 2011, the trial court, sua sponte, entered an order staying AFC’s action “until further notice.” The trial court expressed no reason for entering the indefinite stay. On July 12, AFC filed a motion to vacate the stay, which the trial court heard on August 11. According to AFC, at the hearing, the trial court was unable to provide it with any reason for the entry of the stay. On August 12, 2011, the trial court denied the motion to vacate the stay, and AFC timely petitioned this Court for mandamus review.
“A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion.” Ex parte Antonucci, 917 So.2d 825, 830 (Ala.2005). AFC argues that the trial court exceeded its discretion in entering, on its own motion and without explanation, an indefinite stay of AFC’s action against Salters seeking the return of its corporate records. We agree.
In considering a stay, courts must always be mindful of “[t]he interest of the plaintiff in proceeding expeditiously with the civil litigation ... and the potential prejudice to the plaintiff of a delay in the progress of that litigation.” Ex parte Ebbers, 871 So.2d 776, 789 (Ala.2003). AFC’s interest in proceeding with its action against Salters is quite strong. Indeed, it has alleged that it “has a right to obtain its property back from Salters to protect itself in the federal investigation of [its] billing practices,” and it argues that it should not be required “to sit back and allow the federal investigation to proceed without the documentation that it needs to defend itself.” Petition, at 7. AFC’s arguments appear sound, and this Court has been provided with no argument or reasoning to the contrary.[1]
It is well established that “[a] stay must not be ‘immoderate.’ ” Ortega Trujillo v. Conover & Co. Commc’ns, Inc., 221 F.3d 1262, 1264 (11th Cir.2000) (quoting CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir.1982)). “In considering whether a stay is ‘immoderate,’ [appellate courts] examine both the scope of the stay (including its potential duration) and the reasons cited by the [trial] court for the stay.” Id. Clearly, the indefinite stay ordered by the trial court, with no stated justification for it, is immoderate and, consequently, beyond the scope of the trial court’s discretion.
For these reasons, we grant AFC’s petition and issue a writ of mandamus order *684 ing the trial court to vacate its order staying AFC’s action against Salters.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.

. Salters has not opposed AFC’s petition for the writ of mandamus, and the trial court has chosen not to appear in this proceeding. See Rule 21(b), Ala. R.App. P.