THOMAS, Judge.
Grady R. Edmondson ("the husband") has filed a petition for the writ of mandamus directing the Mobile Circuit Court ("the trial court") set aside its March 8, 2017, order staying the divorce action involving the husband and Karen S. Edmondson ("the wife"). The wife has answered the husband's petition and joins in his request that the trial court be ordered to set aside the March 8, 2017, order. The facts underlying the issuance of the March 8, 2017, order are taken from the husband's petition, the wife's answer to that petition, and the materials appended to the husband's petition.
On the first day of the divorce trial, the husband was called as a witness. Counsel for the wife asked the husband whether he had had sexual relations with a woman not his wife more than 365 days before the *87 date of trial. The husband's counsel objected, and the husband asserted his Fifth Amendment privilege against self-incrimination. The trial court stopped the trial, imposed a temporary stay on the proceedings, and asked the parties to file letter briefs explaining the parties' positions regarding the husband's right to assert his Fifth Amendment privilege against self-incrimination when questioned regarding any allegedly adulterous relationship.
After considering the parties' letter briefs, the trial court entered an order staying the divorce action on March 8, 2017. The order explains that the trial court had
"determine[d] from the subject of the question [posed to the husband at trial] that the current divorce proceeding and any potential criminal proceedings would be parallel proceedings, and the [husband's] Fifth Amendment protection against self-incrimination in any such criminal proceedings would be threatened if the divorce proceeding is not stayed in accordance with the provisions and standards set forth in [Ex parte] Rawls, 953 So.2d 374 (2006). Therefore, the trial of the divorce is stayed pending resolution of any criminal charges against [the husband] and said charges against [the husband], if any, are adjudicated at the trial level."
In its order, the trial court set the case for a status hearing on September 26, 2017, "for the parties to provide the [trial] court with an update on any potential criminal charges against [the husband] at that time."
The husband timely filed this petition for the writ of mandamus. He seeks a writ requiring the trial court to lift the stay it imposed on the parties' divorce action. He asserts, and the wife agrees, that neither party requested or desires a stay of the divorce action.
" 'A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So.2d 1116, 1119 (Ala. 2004). A writ of mandamus is "appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001).'
" Ex parte Antonucci, 917 So.2d 825, 830 (Ala. 2005). 'Mandamus will be granted only where an abuse of discretion is shown.' Ex parte McMahan, 507 So.2d 492, 493 (Ala. 1987)."
Ex parte Rawls, 953 So.2d 374, 377 (Ala. 2006).
A trial court has the inherent power to issue a stay of proceedings pending before it. Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (explaining that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Our supreme court set out some of the considerations applicable to the exercise of the power to stay in Ex parte American Family Care, Inc., 91 So.3d 682, 683 (Ala. 2012) :
"In considering a stay, courts must always be mindful of '[t]he interest of the plaintiff in proceeding expeditiously with the civil litigation ... and the potential prejudice to the plaintiff of a delay in the progress of that litigation.' Ex parte Ebbers, 871 So.2d 776, 789 (Ala. 2003). ...
*88 "It is well established that '[a] stay must not be "immoderate." ' Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (quoting CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982) ). 'In considering whether a stay is "immoderate," [appellate courts] examine both the scope of the stay (including its potential duration) and the reasons cited by the [trial] court for the stay.' Id."
Additional considerations govern a trial court's decision to stay a proceeding to protect a party's Fifth Amendment privilege against self-incrimination. See, e.g., Ex parte Rawls, 953 So.2d at 378 ; Ex parte Ebbers, 871 So.2d 776, 789 (Ala. 2003). Our supreme court has explained that, in order to determine whether a stay of a civil proceeding based on a parallel criminal proceeding to protect a party's privilege against self-incrimination is warranted, three issues must be examined:
"(1) whether the civil proceeding and the criminal proceeding are parallel, see Ex parte Weems, 711 So.2d 1011, 1013 (Ala. 1998) ; (2) whether the moving party's Fifth Amendment protection against self-incrimination will be threatened if the civil proceeding is not stayed, see Ex parte Windom, 763 So.2d 946, 950 (Ala. 2000) ; and (3) whether the requirements of the balancing test set out in Ex parte Baugh, 530 So.2d [238,] 244 [ (Ala. 1988) ], and Ex parte Ebbers, 871 So.2d 776, 789 (Ala. 2003), are met."
Ex parte Rawls, 953 So.2d at 378.
Both the husband and the wife contend first that the trial court could not stay the divorce action because neither party requested the stay. However, because a trial court has the inherent power to control litigation in its courtroom and to manage its docket, we must reject that contention. The husband's assertion of his privilege against self-incrimination alerted the trial court to the potential need for a stay of the divorce action. Thus, we cannot agree that the trial court was not permitted to consider staying the action ex mero motu.
Secondly, the parties focus their arguments on the second issue set out in Ex parte Rawls-whether the husband's privilege against self-incrimination is threatened by the divorce action. The parties agree that the question that prompted the trial court to enter its stay order pertained to alleged acts committed more than one year before the date of trial. They disagree, however, on whether the husband can be prosecuted for any act of adultery that was committed more than one year ago.
The wife contends that the husband may not assert his privilege against self-incrimination for adulterous activities occurring more than 365 days before the date of any question regarding those activities. The wife relies on Ex parte Moore, 804 So.2d 245, 246-47 (Ala. Civ. App. 2001), in which this court considered whether a husband could be compelled to answer questions regarding his alleged extramarital relationships; the opinion in Moore notes that the "inquiries [were limited] to conduct occurring 'more than one year from the date of th[e] deposition.' " The opinion in Moore does not contain facts indicating whether any of the alleged relationships had ended or were ongoing at the time of the deposition containing the questioning regarding his alleged extramarital relationship. Ex parte Moore, 804 So.2d at 246. We explained:
"Adultery is a Class B misdemeanor, see § 13A-13-2, Ala. Code 1975, with a one-year limitations period, see § 15-3-2, Ala. Code 1975. Generally, a witness cannot invoke the privilege against self-incrimination if he is immune from prosecution *89 or if the prosecution is barred by a statute of limitations. See 98 C.J.S. Witnesses § 437 (1957) ; 23 Am. Jur. 2d Depositions and Discovery § 38 (1985). 'A legal limitation of the time of prosecution is in practical effect an expurgation of the crime; so after the lapse of time fixed by law the privilege ceases.' 8 Wigmore on Evidence § 2279 (McNaughton rev. ed. 1961). The privilege against self-incrimination may be invoked to ward off a real danger, as opposed to a speculative possibility, of prosecution. Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819 (1896)."
Id. at 246-47. Thus, the wife argues, the husband is not entitled to assert his privilege against self-incrimination to questions about any alleged infidelity that occurred more than one year before the date the question is posed.[1]
The husband, however, argues that he cannot be made to testify about any alleged infidelity, even if it occurred more than a year before the date any question is directed to him. He contends that the statute of limitations for the crime of adultery, although only one year, does not begin to run until the date of the last act of sexual intercourse between the allegedly adulterous spouse and his or her alleged paramour. That is, it appears, the husband argues that adultery is a continuing offense. See Alabama State Bar v. Chandler, 611 So.2d 1046, 1048 (Ala. 1992) (explaining the concept of a continuing offense). The husband has provided no cogent legal argument concerning, nor any authority supporting, this proposition. See Rule 28(a)(10), Ala. R. App. P.; White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008). (" Rule 28(a)(10) requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived."). As the wife correctly explains, the general rule is that "[a] limitations period runs from the time a crime is committed, which is determined a[t] the time when all of its essential elements are present and complete." Ex parte Hunt, 642 So.2d 1060, 1066 (Ala. 1994) (citing Pendergast v. United States, 317 U.S. 412, 63 S.Ct. 268, 87 L.Ed. 368 (1943), and Griffin v. State, 352 So.2d 847, 850 (Ala. 1977) ).
In addition to Ex parte Moore, which directly contradicts the husband's position, this court has previously considered whether a party's allegedly adulterous acts committed more than one year before the trial could form the basis for the assertion of the privilege against self-incrimination. See Handley v. Handley, 460 So.2d 162 (Ala. Civ. App. 1983), reversed on other grounds, Ex parte Handley, 460 So.2d 167 (Ala. 1984) ; and Howard v. Howard, 422 So.2d 296 (Ala. Civ. App. 1982). In Howard, we rejected a claim that a husband's constitutional privilege against self-incrimination was violated when he was required to testify about allegedly adulterous "acts occurring beyond the one-year statute of limitations." Howard, 422 So.2d at 297. Similarly, in Handley, we explained that, because "any testimony about their sexual relations would have related to instances that occurred beyond the one-year statute of limitations for adultery," the witnesses "were not entitled to the privilege against self-incrimination." Handley, 460 So.2d at 165. The witnesses in Handley had married each other more than one year before the trial on a third-party custody matter, *90 so they could no longer have been committing the crime of adultery, making the opinion less analogous to the facts in the present case. Id. The facts related in the opinion in Howard do not reveal whether the husband and his paramour were still engaged in a relationship or whether that relationship had ended. Howard, 422 So.2d at 297. Thus, based on Ex parte Moore and Howard, we agree with the wife that the husband's right against self-incrimination is not implicated by questions regarding allegedly adulterous acts that occurred more than one year before the date of trial because the husband can no longer be criminally prosecuted for those acts.
The only ground given by the trial court for the stay was the possibility that the husband's privilege against self-incrimination would be threatened by the divorce action if it were not stayed. Because the husband may not be prosecuted for any allegedly adulterous acts that he committed more than one year ago, he is "not entitled to the privilege against self-incrimination" with regard to questions about those acts. Handley, 460 So.2d at 165. If the husband is not entitled to assert his privilege against self-incrimination with regard to the questions posed by the wife, his privilege will not be threatened by the divorce proceeding. Therefore, the trial court's reason for imposing the stay is insufficient to support it.
Furthermore, the wife also asserts that the stay, which suspends the divorce action indefinitely pending a prosecution that is unlikely to materialize,[2] is immoderate. The wife specifically complains that the stay will leave her and the husband in state of "legal limbo" and prevent them from getting a divorce for as long as the husband maintains a relationship with his current paramour. As our supreme court has held: "[An] indefinite stay ordered by the trial court, with no stated justification for it, is immoderate and, consequently, beyond the scope of the trial court's discretion." Ex parte American Family Care, Inc., 91 So.3d at 683. We have rejected the stated basis for the trial court's stay, and the stay, as worded, is clearly indefinite, preventing the proceedings in the divorce action from resuming until such time as a criminal prosecution of the husband, if any such prosecution is instituted, is concluded. The stay is therefore "beyond the scope of the trial court's discretion." Id.
For the above-stated reasons, we grant the husband's petition and order the trial court to vacate its March 8, 2017, order staying the divorce action.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman, J., concur.
Donaldson, J., concurs in the result, without writing.
Moore, J., recuses himself.

The wife admits that the husband is entitled to assert his privilege against self-incrimination to any question relating to acts occurring within the year before the question is asked. She asserts that she does not plan to ask the husband any question relating to alleged acts occurring during the one-year limitations period.

We note that the last reported appellate case involving an appeal from a conviction for adultery was reported in 1955. See Fuller v. State, 38 Ala.App. 244, 81 So.2d 925 (1955).