WISE, Justice.
The Decatur City Board of Education ("the Board"), the defendant below,[1] filed a petition for a writ of mandamus requesting that this Court order the Morgan Circuit Court to dissolve the preliminary injunction it entered on February 28, 2017, and to dismiss the petition upon which it was based. We grant the petition and issue the writ.
Facts and Procedural History
On or about March 22, 2016, Carrie Cabri Witt, a school employee, was arrested and charged with engaging in sex acts with students who were under the age of 19 years. At that time, she was also placed on paid administrative leave. On September 2, 2016, a Morgan County grand jury returned a two-count indictment that charged her with engaging in a sex act or deviate sexual intercourse with 2 students who were under the age of 19 years, in violation of § 13A-6-81, Ala. Code 1975.
*1256 On November 4, 2016, the superintendent of education for Morgan County recommended to the Board that Witt's teaching contract be terminated based on the allegations that she had engaged in inappropriate sexual activity with one or more students in the Decatur City School System. According to the Board, that conduct violated Board policy and corresponding professional standards. On January 31, 2017, the Board notified Witt that it had scheduled a termination hearing for March 2, 2017.
On February 22, 2017, Witt filed a petition in the Morgan Circuit Court, seeking a preliminary injunction staying the termination proceeding until after the disposition of the underlying criminal case. She argued that, because the basis for the termination proceeding was the underlying criminal charges, she would be forced to choose between the risk of self-incrimination if she testified in the termination proceeding or of losing her teaching contract if she did not testify in the termination proceeding.
On February 24, 2017, the Board filed a motion to dismiss or to deny the petition for a preliminary injunction. It quoted § 16-24C-6(j), Ala. Code 1975, which provides:
"Employees shall not be permitted to delay, defer, or defeat the initiation or pursuit of any termination or other employment action initiated under authority of this chapter based upon the pendency or threatened initiation of criminal proceedings arising out of the facts, circumstances, or subject matter of the employment action. The appearance or testimony of an employee in a proceeding authorized under this chapter shall not cause the employee to waive, forfeit, or relinquish any right against self-incrimination, and no such testimony shall be admitted in any court of this state in a criminal proceeding in which the right applies upon the timely objection of the employee thereto."
(Emphasis added.) The Board then argued that Witt would be "free to testify in the administrative hearing if she desires to do so without fear of waiving any objection to the use of such testimony in the criminal trial or forfeiting her right not to take the witness stand." Therefore, it concluded that she was not being forced to choose between the risk of self-incrimination if she testified or of losing her teaching contract if she did not testify.
On February 28, 2017, the trial court granted the petition for a preliminary injunction. It reasoned, in part, that § 16-24C-6(j)"does not adequately protect [Witt's] constitutional rights" against self-incrimination because § 13A-6-83, Ala. Code 1975,[2] "has not been repealed [or] amended to account for the enactment of § 16-24C-6 [,] placing the statutes clearly in conflict one with the other." The court also noted that Witt had challenged the constitutionality of § 13A-6-81 ; that a hearing on the motion was set for April 3, 2017; and that a jury trial was set for August 21, 2017. It further found that the Board would "suffer no further harm by *1257 being enjoined from terminating employment until such time as the criminal matter is resolved later this year."
On March 22, 2017, the Board filed a motion to dissolve the preliminary injunction. It argued that, "because they are in conflict, the SFA's [Students First Act, Act No. 2011-270, Ala. Acts 2011] repealer clause operates to nullify § 13A-6-83."[3] It also argued that, "even without the SFA's repealer clause, § 13A-6-83 would be deemed superseded and controlled by § 16-24C-6(j)." The Board further argued:
"[ Section] 16-24C-6(j) is the governing expression of legislative intent on the specific question of the interplay between criminal charges and employment rights in the public school context because it is found in the comprehensive statute that was adopted precisely for the purpose of establishing and delineating such rights. By contrast, § 13A-6-83 was included in the Act that criminalized sexual misconduct between school employees and students not as an amendment of or addendum to the tenure law or even as a fully formed statement of employment rights and procedures, but as a lifeline to employers who would otherwise have had no means of confidently suspending alleged criminal offenders under the tenure law as it was then written."
On April 12, 2017, the Board requested a hearing on its motion to dissolve the preliminary injunction. The trial court did not rule on that motion.
On August 10, 2017, the trial court granted Witt's motion in the pending criminal case to hold § 13A-6-81(a) unconstitutional as applied to her and dismissed the criminal case without prejudice. The State of Alabama appealed that ruling to the Court of Criminal Appeals, and that appeal remains pending.
On August 31, 2017, the Board filed another motion to dissolve the February 28, 2017, injunction that was entered in the termination proceeding. On September 11, 2017, Witt filed a response in opposition to the Board's motion to dissolve. The trial court did not rule on the motion. This petition followed.
Standard of Review
" ' "A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So.2d 1116, 1119 (Ala. 2004). A writ of mandamus is 'appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001)."
" ' Ex parte Antonucci, 917 So.2d 825, 830 (Ala. 2005). "Mandamus will be granted only where an abuse of discretion is shown." Ex parte McMahan, 507 So.2d 492, 493 (Ala. 1987).'
" Ex parte Rawls, 953 So.2d 374, 377 (Ala. 2006)."
Ex parte Edmondson, 238 So.3d 85, 87 (Ala. Civ. App. 2017).
*1258 Discussion
The Board argues that it is entitled to mandamus relief because the trial court has refused to rule on its August 31, 2017, motion to dissolve the February 28, 2017, injunction. We agree.
Witt argues that the same issues and allegations serve as the basis for both the termination proceeding and the underlying criminal charges. She also contends that the State's actions indicate that it intends to pursue its prosecution of her based on the alleged conduct. Therefore, Witt asserts, as she did before the trial court, that she would be forced to choose between the risk of self-incrimination if she testified in the termination proceeding or of losing her teaching contract if she did not testify in the termination proceeding.
In Ex parte Rawls, 953 So.2d 374, 378 (Ala. 2006), this Court set forth the following framework for deciding whether a stay should be granted in a civil proceeding to protect a party's right against self-incrimination in a related or potential criminal proceeding:
"In the present case, three issues must be addressed to determine if a stay in the civil divorce proceedings based on Fifth Amendment concerns in a pending criminal action is warranted: (1) whether the civil proceeding and the criminal proceeding are parallel, see Ex parte Weems, 711 So.2d 1011, 1013 (Ala. 1998) ; (2) whether the moving party's Fifth Amendment protection against self-incrimination will be threatened if the civil proceeding is not stayed, see Ex parte Windom, 763 So.2d 946, 950 (Ala. 2000) ; and (3) whether the requirements of the balancing test set out in Ex parte Baugh, 530 So.2d [238,] 244 [ (Ala. 1988) ], and Ex parte Ebbers, 871 So.2d 776, 789 (Ala. 2003), are met."
The issue whether the trial court initially should have stayed the termination proceeding pending the resolution of the criminal charges against Witt is not before us in this petition.[4] Instead, the sole issue before us is whether the trial court should have granted the Board's August 31, 2017, motion to dissolve the February 28, 2017, injunction.[5] Nevertheless, Ex parte Rawls still sets forth the framework for our review of this issue.
First, we must determine whether the termination proceeding and the criminal proceeding are "parallel." Both proceedings are premised upon identical allegations. Specifically, both the documents in the termination proceeding and the indictment allege that Witt engaged in sex acts with students who were under the age of 19 years. Although Witt may raise a consent defense in the criminal proceeding, it otherwise appears that evidence to be presented during both proceedings is likely to be substantially similar, if not identical. Therefore, we conclude that the termination proceeding and the criminal proceeding are parallel. See R.M. v. Elmore Cty. Dep't of Human Res., 75 So.3d 1195, 1202 (Ala. Civ. App. 2011) ("The evidence presented in both the civil and the criminal actions ... was expected to be substantially similar, if not identical.... [W]e conclude that the termination proceedings and *1259 the criminal proceedings were parallel."); Rawls, 953 So.2d at 380 ("Because that criminal proceeding and the divorce proceeding have some overlapping acts, they must be considered parallel proceedings.").
Second, we must determine whether Witt's Fifth Amendment right against self-incrimination will be threatened if the stay of the termination proceeding is lifted. Initially, we note that, because the trial court declared the statute under which Witt was indicted unconstitutional, the criminal charges against Witt have been dismissed. Therefore, even though the underlying case is on appeal in the Court of Criminal Appeals and the trial court's decision could be reversed and the criminal case against Witt reinstated or Witt could later be indicted under another statute, either possibility is too remote at this time to warrant continuing to stay the termination proceeding. Also, § 16-24C-6(j) specifically provides that, if Witt testifies during the termination proceeding, "no such testimony shall be admitted in any court of this state in a criminal proceeding in which the right applies upon the timely objection of the employee thereto." (Emphasis added.) Under these circumstances, we conclude that the Board has established that Witt's privilege against self-incrimination will not be threatened if the stay of the termination proceeding is lifted.
Because we conclude that Witt's privilege against self-incrimination will not be threatened if the stay of the termination proceeding is lifted, an in-depth discussion of the third factor set forth in Ex parte Rawls-i.e., whether the requirements of the balancing test set out in Ex parte Baugh, 530 So.2d 238, 244 (Ala. 1988), and Ex parte Ebbers, 871 So.2d 776, 789 (Ala. 2003), are met-is not necessary. See Ex parte Butts, 183 So.3d 931 (Ala. 2015) (stating that the conclusion that a party's right against self-incrimination was not threatened by a civil proceeding obviated the need to discuss the third issue in Ex parte Rawls ). Nevertheless, out of an abundance of caution, we note that, in Ex parte Ebbers, this Court stated:
"This Court has repeatedly stated that in determining whether a stay or a protective order should issue in a civil case when parallel criminal prosecutions or criminal investigations are underway a trial court should weigh the movant's interest in postponing the civil action against the prejudice that might result to the other party because of delay ...."
871 So.2d at 785. Further, this Court stated that it will consider the following factors in conducting the weighing analysis set forth above:
"1. The interest of the plaintiff in proceeding expeditiously with the civil litigation, or any particular aspect of it, and the potential prejudice to the plaintiff of a delay in the progress of that litigation....
"2. The private interest of the defendant and the burden that any particular aspect of the proceedings may impose on the defendant....
"3. The extent to which the defendant's Fifth Amendment rights are implicated/the extent to which the issues in the criminal case overlap those in the civil case....
"4. The convenience of the court in the management of its cases, and the efficient use of judicial resources....
"5. The interest of persons not parties to the civil litigation....
"6. The interest of the public in the pending civil and criminal litigation....
"7. The status of the criminal case, including whether the party moving for the stay has been indicted....
*1260 "8. The timing of the motion to stay...."
871 So.2d at 789-90. Finally, this Court noted:
"Obviously, a trial court 'must make a highly fact-bound inquiry into the "particular circumstances and competing interest involved in the case" ' when parallel civil litigation and actual, or reasonably expected, criminal charges coexist. Sterling [Nat'l Bank v. A-1 Hotels Int'l, Inc.], 175 F.Supp.2d [573,] 576 [ (S.D.N.Y. 2001) ]. Some of the factors recognized in the various cases as part of the weighing and balancing can have a tendency partially to duplicate each other, and not all of the factors may have application in any given case. Nonetheless, consideration of each of these factors is helpful in the weighing and balancing process."
871 So.2d at 790.
Under the facts of this case, we conclude that the Board has established that the balancing test weighs in favor of lifting the stay of the termination proceeding. The Board argues that, at the time of the filing of this petition, Witt had received salary and benefits approaching $100,000 since her suspension in March 2016. In addition, it points out that a replacement teacher is also being paid and asserts that "Decatur taxpayers and students will continue to receive the instructional services of one replacement teacher 'for the price of two.' " The Board further notes that it expects that the termination proceeding will be based primarily on the testimony of third parties, but notes that one witness has moved to Chicago, a second witness has moved to Tuscaloosa, and a third witness has moved and cannot be located. It also points out that further delays may cause additional witness attrition.
The Board also argues that Witt has not been required to testify in any investigation or other matter related to the termination proceeding. It states that it expects to rely primarily on testimony from third parties, rather than Witt, during the termination proceeding. The Board further argues that the termination proceeding does not turn in whole or in part on whether Witt's conduct violated a criminal statute. Specifically, it contends that her criminal defense focused on the students' consent. However, the Board asserts that the alleged violations of Board policy and professional standards do not require that it establish that the sexual activity was not consensual to proceed with the termination proceeding.
The Board further argues that "the presumed peril to any Fifth Amendment right now is more attenuated than ever" because the criminal proceedings have been dismissed, appealed, and put on hold indefinitely. It contends that, although the possibility that the trial court's order will be reversed on appeal cannot be ruled out, "that prospect is inherently speculative and thus not properly considered in the balancing analysis."
Finally, the Board argues:
"[A]ny Fifth Amendment concerns have been eliminated by the blanket protection afforded by § 16-24C-6(j), which provides Witt with greater protection and freedom to testify than does the Fifth Amendment itself, and Witt can speak to any relevant matter without fear that her testimony would be used against her in a subsequent criminal prosecution."
The Board has presented compelling evidence that circumstances have changed since the trial court entered the preliminary injunction on February 28, 2017, staying the termination proceeding so that the preliminary injunction or stay is no longer appropriate. In addition to presenting *1261 evidence that the criminal charges have been dismissed, the Board also presented evidence indicating that Witt's defense to those charges was apparently consent and that the issue of consent does not have any bearing on the termination proceeding. The Board also affirmatively represented that it does not intend to rely on Witt's testimony during the termination proceeding. Moreover, the Board correctly argued that, if Witt chooses to invoke her Fifth Amendment right during the termination proceeding, her invocation of that right cannot be used against her in any subsequent criminal proceedings. Cf. Ex parte Ebbers, 871 So.2d at 795 ("[I]f a stay is not granted Ebbers, and if he elects to assert his Fifth Amendment right as to any deposition questioning or document-production request, the jury in the RSA litigation could be instructed at trial that an adverse inference could be drawn against him as a result."). Or, if Witt chooses to testify during the termination proceeding, § 16-24C-6(j) provides that "no such testimony shall be admitted in any court of this state in a criminal proceeding in which the right applies upon the timely objection of the employee thereto." (Emphasis added.) Finally, the Board presented evidence indicating that, even though the trial court had indicated in the order staying the termination proceeding that the Board would not suffer further harm "by being enjoined from terminating employment until such time as the criminal matter is resolved later this year," the trial court had not revisited that order after the criminal charges were dismissed. The Board argues that it was left in a "state of 'legal limbo,' " with no end to the proceedings in sight and being forced to continue to pay both Witt and a replacement teacher. Cf. Ex parte Edmondson, supra. In her response, Witt continues to argue that her privilege against self-incrimination warrants the stay, but she does not acknowledge or address the effect of the changed circumstances in this case.
Conclusion
For the above-stated reasons, we conclude that the Board has established that it has a clear legal right to relief from the trial court's February 28, 2017, preliminary injunction. Specifically, the Board has established that circumstances have changed since the trial court entered the preliminary injunction staying the termination proceeding on February 28, 2017, so that the preliminary injunction or stay is no longer appropriate. Accordingly, we grant the petition for a writ of mandamus and direct the trial court to dissolve its February 28, 2017, injunction and to dismiss the petition upon which it was based.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Parker, Shaw, Main, Bryan, Sellers, and Mendheim, JJ., concur.

The Board and "Decatur City Schools" were named as defendants below. However, the Board has stated that "Decatur City Schools" is not a legal entity. Therefore, we refer to the defendant below and the petitioner here simply as "the Board."

Section 13A-6-83 provides:
"A school employee charged with the crime of engaging in a sex act or deviant sexual intercourse with a student or the crime of having sexual contact with a student may be placed on paid administrative leave while the charge is adjudicated. Upon the adjudication of the charge, further disciplinary action may be taken in accordance with the Teacher Tenure Act, Chapter 24 of Title 16, the Teacher Accountability Act, Chapter 24B of Title 16, or the Fair Dismissal Act, Article 4 of Chapter 26 of Title 36, whichever is applicable."
(Emphasis added.)

The repealer clause in the Students First Act, Act No. 2011-270, § 14, provides, in relevant part:
"All laws or parts of laws which conflict with this act are repealed. Specifically, portions of the Teacher Tenure Law, consisting of Article 1, commencing with Section 16-24-1, Chapter 24, Title 16; the Fair Dismissal Act, Article 4, commencing with Section 36-26-100, Chapter 26, Title 36; and Section 16-24B-7, Code of Alabama 1975, relating to teacher transfers, are repealed."

Because this mandamus petition is directed solely to the question whether the stay should be lifted, our holding in this matter should not be understood to be a comment as to whether the initial issuance of the stay was proper.

This Court noted in Ex parte Rawls that " 'the trial court is not precluded from subsequently entertaining a motion to dissolve the stay, if circumstances have changed in the interim in such a way as to render the stay no longer appropriate.' [ Ex parte] Ebbers, 871 So.2d [776,] 788 [ (Ala. 2003) ]." 953 So.2d at 386.